IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST<br>2121 K Street N.W. STE. 350<br>Washington, DC 20037<br><br>                    Plaintiffs,<br>          v.<br><br>SANDERLING INCORPORATED f/k/a MON VIEW ACQUISITION CORPORATION, a corporation,<br>5311 Progress Blvd<br>Bethel Park, PA  15102<br><br>and<br><br>MINING AND TUNNELING EQUIPMENT & SERVICES, INC., a corporation,<br>3040 Industrial Blvd<br>Bethel Park, PA  15102<br><br>                    Defendants. | Civil Action No. |

## COMPLAINT FOR COLLECTION OF
## EMPLOYER WITHDRAWAL LIABILITY

Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, in their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Plan ("1974 Plan"), by their undersigned counsel, for their Complaint against Sanderling Incorporated f/k/a Mon View Acquisition Corporation, and against Mining and Tunneling Equipment & Services, Inc., allege, upon knowledge with respect to themselves and their actions and upon information and belief with respect to all other matters, as follows:

## Jurisdiction and Venue

1.      This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.      Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## Parties

4.      Plaintiffs, Michael H. Holland, Micheal W. Buckner, B V Hyler, Steven F. Schaab, are Trustees of the 1974 Plan. The Trustees administer the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(b)(iii) and 1301(a)(10)(A). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Mon View Mining Corporation f/k/a Mon-View Mining Company and Mon-View Mining Corporation ("Mon View") is or was a Pennsylvania corporation and engaged in the business of acquiring, producing, and/or cleaning coal and maintaining mine sites.

2

6.    Mon View was a party to the National Bituminous Coal Wage Agreement of 1993 (the "1993 Agreement") and the National Bituminous Coal Wage Agreement of 1998 (the "1998 Agreement")(collectively the "Agreements").

7.    Mon View filed a Voluntary Petition under Chapter 11 in the United States Bankruptcy Court in the Western District of Pennsylvania on November 22, 2005, and is not a Defendant in this lawsuit.

8.    Pursuant to its obligations under the terms of the Agreements, Mon View was a participating employer in the 1974 Plan. Mon View was obligated to and did make contributions to the 1974 Plan on behalf of its employees covered under the Agreements. Mon View permanently ceased all covered operations under the 1974 Plan in or about March 2002. As a result of this cessation, Mon View withdrew from the 1974 Plan in a complete withdrawal, as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

9.    Defendant Sanderling Incorporated f/k/a Mon View Acquisition Corporation ("Sanderling") is or was a Pennsylvania corporation.

10.    Defendant Mining and Tunneling Equipment & Services, Inc. ("MATES") is or was a Pennsylvania corporation.

11.    Plaintiffs allege upon information and belief that Sanderling and MATES were under "common control" on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R. Part 2612. As such, Sanderling and MATES are a single employer for withdrawal liability purposes and shall be collectively referred to herein as the "Employer."

12.    As a result of its cessation, the Employer withdrew from the 1974 Plan in a complete withdrawal as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

3

13.    As a result of its complete withdrawal from the 1974 Plan, Employer incurred withdrawal liability to the 1974 Plan in the amount of $1,999,453.22, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

14.    Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated September 17, 2003. Plaintiffs demanded withdrawal liability of $1,999,453.22 and offered the Employer the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum. The letter notified the Employer that if it chose monthly payments, the first payment was $20,119.75 and the first payment was due on November 26, 2003.

15.    The Employer has failed to make any withdrawal liability payments to the 1974 Plan. In addition, the Employer has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

16.    Plaintiffs, by letter dated April 13, 2004, demanded payment of all past due withdrawal liability payments, plus interest, no later than June 12, 2004. Plaintiffs advised the Employer that unless payment was made by that date, its entire withdrawal liability of $1,999,453.22 to the 1974 Plan would become due and payable without further demand.

17.    The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs. Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

4

18.     The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the 1974 Plan to incur administrative and legal expenses.

19.     The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury.  Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a)     Declaring that the Employer has completely withdrawn from the 1974 Plan;

(b)     Declaring that the Defendants Sanderling Incorporated f/k/a Mon View Acquisition Corporation, and Mining and Tunneling Equipment & Services, Inc. were under common control with Mon View Mining Corporation on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and hence a single employer for withdrawal liability purposes;

(c)     Declaring that the amount of the Employer's withdrawal liability to the 1974 Plan is $1,999,453.22;

(d)     Declaring that the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of withdrawal liability set forth in paragraph (c) is due and payable to the 1974 Plan;

(e)     Ordering that Sanderling and MATES, jointly and severally liable, pay in full the withdrawal liability as set forth in paragraph (c), plus interest thereon from the date such amount became due and owing, together with liquidated damages

pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(f)    Ordering that Sanderling and MATES, jointly and severally liable, pay Plaintiffs' attorney's fees, audit costs, and other costs and disbursements associated with this action pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b); and

(g)    Ordering such other and further relief as this Court deems appropriate.

Respectfully submitted,

DAVID W. ALLEN, General Counsel
D.C. Bar No. 81638

LARRY D. NEWSOME, Associate General Counsel
D.C. Bar No. 254763

BARBARA E. LOCKLIN, Assistant General Counsel
D.C. Bar No. 420503

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W., Suite #350
Washington, D.C.  20037
Telephone:  202-521-2238
Attorneys for Plaintiffs

P:\PMWIN\PUBLIC\SREED\PLD\92299.doc

6

## CERTIFICATE OF SERVICE

I hereby certify that on ___4 / 20 / 06___, I served the foregoing Complaint for

Collection of Employer Withdrawal Liability via United States Mail, First Class, Postage

Prepaid, to the following individuals:

      Sanderling Incorporated f/k/a Mon View Acquisition Corporation
      5311 Progress Blvd
      Bethel Park, PA  15102

      and

      Mining and Tunneling Equipment & Services, Inc.
      3040 Industrial Blvd
      Bethel Park, PA  15102

                          *B. E. Locklin*

                          Barbara E. Locklin
                          Assistant General Counsel