IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,

Plaintiffs,

v.

SANDERLING INCORPORATED f/k/a MON
VIEW ACQUISITION CORPORATION and
MINING AND TUNNELING EQUIPMENT
& SERVICES, INC.

Defendants.

Civil Action No. 1:06-CV-00740-JDB

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

I hereby certify, this **10**th day of October, 2006, that I am counsel of record for the

Plaintiffs in the above-entitled action; that Defendants Sanderling Incorporated f/k/a Mon View

Acquisition Corporation ("Sanderling") and Mining and Tunneling Equipment & Services, Inc.

("MATES") were served by delivering a copy of the summons and complaint to the corporate

president, pursuant to the provision of Rule 4(h)(1) of the Federal Rules of Civil Procedure on

May 9, 2006 and that proof of service was filed with the Court on September 11, 2006 by

Affidavit of Service by Process Server, a copy of which is attached as Exhibit A.

I further certify that no appearance has been entered by Defendants Sanderling and

MATES; that the time within which Defendants may answer or otherwise respond to the

Complaint has expired; that Defendants Sanderling and MATES have not filed pleadings in this

matter and no pleadings have been served upon Plaintiffs' attorneys; and that this Court has

jurisdiction over Defendants, and venue properly lies in this Court, pursuant to 29 U.S.C. §§ 1132 and 1451.

The Clerk entered Default against Defendants Sanderling and MATES on September 15, 2006, a copy of which is attached as Exhibit B.

There is now justly due and owing to the Plaintiffs by the said Defendants:

(a)    withdrawal liability within the meaning of 29 U.S.C. § 1381(a) in the amount of $1,999,453.22;

(b)    interest on such sum allowable pursuant to 29 U.S.C. § 1132(g)(2)(B) calculated through September 22, 2006, in the amount of $316,817.36, plus additional interest accrued from September 24th to the date judgment is entered at the rate of $437.88 per diem;

(c)    liquidated damages in the amount equal to interest on the unpaid withdrawal liability payments pursuant to 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b) calculated through September 22, 2006 in the amount of $399,890.64, plus additional liquidated damages equal to interest accrued from September 23, 2006 to the date judgment is entered at the rate of $437.88 per diem, as indicated in the Affidavit of Dale R. Stover, filed herewith as Exhibit C; and

(d)    attorneys' fees and costs allowable under 29 U.S.C. § 1132(g)(2)(D) of $1,029.16, as indicated in the Affidavit of Barbara E. Locklin filed herewith as Exhibit D.

WHEREFORE, Plaintiffs apply to this Honorable Court to enter judgment in their favor against Defendants Sanderling Incorporated f/k/a Mon View Acquisition Corporation and MATES in accordance with the Complaint and Affidavits filed herein.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

BARBARA E. LOCKLIN
Assistant General Counsel
D. C. Bar No. 420503

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W. Suite 350
Washington, D.C.  20037
Telephone:  202-521-2238

Attorneys for Plaintiffs

Executed on ___10/10/06___

197012284.doc

3

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Application for Entry of Default Judgment with supporting Affidavits and Proposed Order of Default and Judgment were sent by first class mail, postage prepaid on _10/10/06_____ to:

John W. Hatch, CEO
Sanderling Incorporated
740 Rolling Green Dr.
Bethel Park, PA  15102

John W. Hatch, CEO
Mining and Tunneling Equipment & Services, Inc.
1740 Rolling Green Dr.
Bethel Park, PA  15102

_B. E. Locklin_
Barbara E. Locklin
Assistant General Counsel
D. C. Bar No. 420503

4

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, et al. as
Trustees of the UMWA 1974 PENSION
TRUST,

                    Plaintiffs,
            v.                                    Civil Action No. 1:06CV00740
                                                  Judge John D. Bates
SANDERLING INCORPORATED, et al.

                    Defendants.

## AFFIDAVIT OF SERVICE BY PROCESS SERVER

1.    I am an Attorney Assistant for the Office of General Counsel Counsel, United

Mine Workers of America ("UMWA") Health and Retirement Funds, Plaintiffs in this action.

2.    On Monday April 24, 2006, pursuant to Fed. R. Civ. P.4(h)(1) and D.C. Super. Ct.

R. – Civil 4(h)(1) and 4(c)(3), copies of the Summons and Complaint in this action were mailed

to Sanderling Incorporated f/k/a Mon View Acquisition Corporation; and Mining and Tunneling

Equipment & Services, Inc., by certified mail to:

> Sanderling Incorporated
>   f/k/a Mon View Acquisition Corporation
> 5311 Progress Blvd
> Bethel Park, PA  15102
>
> and
>
> Mining and Tunneling Equipment & Services, Inc.
> 3040 Industrial Blvd
> Bethel Park, PA  15102

Service was not accomplished and the mail was returned on Tuesday May 2, 2006.  The

unsigned receipts are attached to this Affidavit as Exhibit A.

3.    On Tuesday May 2, 2006, copies of Summons and Complaint in this action were

mailed to Ralph A. Finizio, Esquire, local counsel for service:

> Pepper Hamilton, LLP
> One Mellon Bank Center, 50th Floor
> 500 Grant Street
> Pittsburgh, PA  15219-2502

4.    On Tuesday May 9, 2006, pursuant to Fed. R. Civ. P.4(h)(1), a copy of the

Summons and Complaint in this action was served personally upon John W. Hatch, Chief

Executive Officer for the defendant, Sanderling Incorporated at:

> John W. Hatch
> 740 Rolling Green Dr.
> Bethel Park, PA  15102

Service was accomplished on Tuesday May 9, 2006.  The Return of Service on back of the

Summons is attached and signed by process server, Marshall Globicki, to this Affidavit as

Exhibit B.

5.    On Tuesday May 9, 2006, pursuant to Fed. R. Civ. P.4(h)(1), a copy of the

Summons and Complaint in this action was served personally upon John W. Hatch, Chief

Executive Officer for the defendant, Mining and Tunneling Equipment & Services, Inc. at:

> John W. Hatch
> 1740 Rolling Green Dr.
> Bethel Park, PA  15102

Service was accomplished on Tuesday May 9, 2006.  The Return of Service on back of the

Summons is attached and signed by process server, Marshall Globicki, to this Affidavit as

Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Lynn Crank
Attorney Assistant

UMWA Health & Retirement Funds
Office of General Counsel
2121 K Street NW Suite 350
Washington, DC  20021
Telephone:  (202) 521-2238

SUBSCRIBED AND SWORN TO

BEFORE ME THIS 11th DAY

OF SEPTEMBER, 2006

NOTARY PUBLIC

**Annette Hargis**
Notary Public, District of Columbia
My Commission Expires 10-14-2007

MY COMMISSION EXPIRES _____.

P:\PMWIN\PUBLIC\CORR\LCRANK\18648\197000711.doc

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I served the foregoing Affidavit of Service

by Process Server via United States Mail, First Class, Postage Prepaid, to the following

individuals:

John W. Hatch, CEO
Sanderling Incorporated
f/k/a Mon View Acquisition Corporation
740 Rolling Green Dr.
Bethel Park, PA 15102

John W. Hatch, CEO
Mining and Tunneling Equipment & Services, Inc.
1740 Rolling Green Dr.
Bethel Park, PA 15102

Barbara E. Locklin
Assistant General Counsel
D.C. Bar No. 420503

4





UMWA HEALTH AND RETIREMENT FUNDS
2121 K STREET, NW
WASHINGTON, DC 20037

7002 2030 0006 7778 6292

FIRST CLASS MAIL

RECEIVED
MAY 02 2006
OFFICE OF THE
GENERAL COUNSEL

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

SANDERLING INCORPORATED f/k/a
MON VIEW ACQUISITION CORPORATION
5311 PROGRESS BLVD
BETHEL PARK PA 15102

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
(Transfer from     7002 2030 0006 7778 6292

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

NOT DELIVERABLE
AS ADDRESSED
UNABLE TO FORWARD



SANDERLING INCORPORATED f/k/a MON VIEW
ACQUISITION CORPORATION
5311 PROGRESS BLVD
BETHEL PARK PA 15102





UMWA HEALTH AND RETIREMENT FUNDS
2121 K STREET, NW
WASHINGTON, DC 20037

FIRST CLASS MAIL





7002 2030 0006 7776

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | MAY 9, 2006 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| MARSHALL GLOBICKI | LICENSED PRIVATE DETECTIVE |

*Check one box below to indicate appropriate method of service*

XX  Served personally upon the defendant. Place where served:   JOHN W. HATCH   AT 740 ROLLING

GREEN DR. BETHEL PARK PA 15102.

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   MAY 9, 2006          *Marshall Globicki*
              ―――――――――――          ――――――――――――――――
                  Date              Signature of Server

PO BOX 118
PRESTO PA 15142
――――――――――――――――
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

FOR THE     District of     COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W. BUCKNER,
B.V. HYLER and STEVEN F. SCHAAB as Trustees of
the UNITED MINE WORKERS OF AMERICA 1974 PENSION
TRUST

V.

SANDERLING INCORPORATED f/k/a MON VIEW
ACQUISITION CORPORATION, and
MINING AND TUNNELING EQUIPMENT & SERVICES,
INC.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER   1:06CV00740

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employmen

DATE STAMP: 04/24/2006

RECEIVED

MAY 12 2006

OFFICE OF THE
GENERAL COUNSEL

TO: (Name and address of Defendant)

SANDERLING INCORPORATED f/k/a MON VIEW ACQUISITION CORPORATION
5311 Progress Blvd
Bethel Park, PA  15102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

BARBARA E. LOCKLIN, ASSISTANT GENERAL COUNSEL
UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street NW  Suite 350
Washington, D.C.  20037

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

APR 2 4 2006

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action   Case 1:06-cv-00740-JDB   Document 3   Filed 09/11/2006   Page 1 of 2

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE<br>MAY 9, 2006 |
|---|---|
| NAME OF SERVER *(PRINT)*<br>MARSHALL GLOBICKI | TITLE<br>LICENSED PRIVATE DETECTIVE |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served:   JOHN W. HATCH
   AT: 1740 ROLLING GREEN
   DR BETHEL PARK PA 15102.

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   MAY 9, 2006      *Marshall Globicki*
                  Date                    *Signature of Server*

                  PO BOX 118
                  PRESTO PA 15142
                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

**RECEIVED**

# UNITED STATES DISTRICT COURT

MAY 0 2 2005

FOR THE _____ District of _____ COLUMBIA

OFFICE OF THE
GENERAL COUNSEL

MICHAEL H. HOLLAND, MICHEAL W. BUCKNER,
B.V. HYLER and STEVEN F. SCHAAB as Trustees of
the UNITED MINE WORKERS OF AMERICA 1974 PENSION
TRUST

V.

SANDERLING INCORPORATED f/k/a MON VIEW
ACQUISITION CORPORATION, and
MINING AND TUNNELING EQUIPMENT & SERVICES,
INC.

**SUMMONS IN A CIVIL CASE**

CASE

CASE NUMBER  1:06CV00740

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employmer

DATE STAMP: 04/24/2006

TO: (Name and address of Defendant)

   MINING AND TUNNELING EQUIPMENT & SERVICES, INC.
   3040 Industrial Blvd
   Bethel Park, PA 15102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

   BARBARA E. LOCKLIN, ASSISTANT GENERAL COUNSEL
   UMWA HEALTH & RETIREMENT FUNDS
   Office of the General Counsel
   2121 K Street NW  Suite 350
   Washington, D.C.  20037

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON                    APR 24 2006

CLERK                                         DATE

(BY) DEPUTY CLERK    Maureen Higgins

# EXHIBIT B

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND  et al

_____

     Plaintiff(s)

      v.

SANDERLING INCORPORATED
MINING AND TUNNELING EQUIPMENT &
SERVICES, INC.

_____

     Defendant(s)

Civil Action No.  06-cv-00740-JDB

RE:  SANDERLING INCORPORATED
MINING AND TUNNELING EQUIPMENT & SERVICES, INC.

## DEFAULT

     It appearing that the above-named defendant(s) failed to plead or otherwise defend this action

though duly served  with summons and copy of the complaint      on            5/9/2006            . and an

affidavit on behalf of the plaintiff having been filed, it is this _15th_ day of _September_ , _2006_ declared

that  defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____ L. Chipley _____
                        Deputy Clerk

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,

          Plaintiffs,

      v.

SANDERLING INCORPORATED f/k/a MON
VIEW ACQUISITION CORPORATION and
MINING AND TUNNELING EQUIPMENT
& SERVICES, INC.

          Defendants.

Civil Action No. 1:06-CV-00740-JDB

## AFFIDAVIT OF DALE R. STOVER

I, Dale R. Stover, after being duly sworn, depose and state as follows:

1.     I am an employee of the United Mine Workers of America ("UMWA") 1950 Pension Plan,

the UMWA 1974 Pension Plan, the UMWA Combined Benefit Fund, the UMWA 1992 Benefit Plan,

the UMWA 1993 Benefit Plan and the UMWA Cash Deferred Savings Plan of 1988. These Plans and

Trusts are jointly administered and are commonly known as the UMWA Health and Retirement Funds

(the "Funds"). I am employed as the Funds' Comptroller.

2.     In discharging my duties as Comptroller of the UMWA Health and Retirement Funds, I am

responsible for the operation and guidance of the Comptroller's Division, which includes, among other

things, overall supervision of accounting and financial reporting, collection of statutory premiums and

contractual contributions, field audit, withdrawal liability and financial analysis for each of the Plans and

Trusts. I am also responsible for insuring that the Funds have adequate internal accounting controls and

that the accounting conforms to GAAP, federal regulations and Funds' policies.

3.      It is my duty, among other things, to determine the amount and amounts owed to the Plaintiffs herein as Trustees of the UMWA 1974 Pension Plan for withdrawal liability pursuant to Section 4201 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1381 (1982).

4.      On September 18, 2006, I made an inspection and analysis of the contribution records of Mon View Mining Corporation f/k/a Mon-View Mining Company and Mon-View Mining Corporation ("Mon View"), a related person to Defendants Sanderling Incorporated and Mining and Tunneling Equipment & Services, Inc., at the offices of the UMWA Health and Retirement Funds, 2121 K Street, NW, Washington, D.C. 20037.

5.      Mon View's withdrawal liability to the 1974 Pension Plan was calculated pursuant to Section 4211(c)(3) of ERISA, 29 U.S.C. § 1391(c)(3) with reference to its required contributions as follows. During the period July 1, 1996 through June 30, 2001, Mon View incurred an obligation to make contributions to the UMWA 1974 Pension Plan in the amount of $422,247.43.

1974 Pension Plan Withdrawal Liability

| Withdrawn employer's required contributions to the 1974 Pension Plan for the period 07/01/06 – 06/30/01  Total amount contributed under the Plan by all employers in the non-construction segment for the 5 plan years ending 06/30/01, plus any employer contributions owed with respect to the segment for earlier periods which were collected in those plan years, less any amount contributed to the Plan with respect to the segment during those plan years by employers who withdrew from the Plan during those plan years. | | 1974 Pension Plan total unfunded vested benefits of the non-construction segment as of 06/30/01 less value of all outstanding claims for withdrawal liability with respect to the segment which can reasonably be expected to be collected from employers withdrawing on or before 06/30/01. | | |
|---|---|---|---|---|
| | X | | | |
| $   422,247.43 $65,284,000.00 | X | $309,137,000.00 | = | $1,999,453.22 |
| | | | | |
| | | | Total Withdrawal Liability | $1,999,453.22 |

Thus, Mon View's share of the liability for unfunded vested benefits, its withdrawal liability, is $1,999,453.22.

2

6.    I have computed interest owed by Mon View. in accordance with 29 U.S.C. § 1399(c)(5),

from November 26, 2003, the due date of the first installment payment for withdrawal liability, to

September 22, 2006 at the rate prescribed in 29 U.S.C. §§ 1399(c)(6) and 1132(g) and 26 U.S.C. § 6621

on the total outstanding balance of the withdrawal liability of $1,999,453.22.  The interest rates used are

the quarterly interest rates in accordance with the Pension Benefit Guaranty Corporation regulation

pursuant to 49 Fed. Reg. 22,642 (1984).  These interest rates have been adopted by the Plan for use in

computing interest on delinquent withdrawal liability payments.  The rates in effect during the period

relevant to this action, and the corresponding amounts of interest due, are as follows:

| | |
|---|---:|
| Interest @ 4.00% from 11/26/03-09/30/04 | $68,181.35 |
| Interest @ 4.50% from 10/01/04-12/31/04 | $22,625.81 |
| Interest @ 5.25% from 01/01/05-03/31/05 | $25,912.91 |
| Interest @ 5.50% from 04/01/05-06/30/05 | $27,474.49 |
| Interest @ 6.00% from 07/01/05-09/30/05 | $30,167.75 |
| Interest @ 6.50% from 10/01/05-12/31/05 | $32,743.05 |
| Interest @ 7.25% from 01/01/06-03/01/06 | $35,630.26 |
| Interest @ 7.50% from 04/01/06-06/30/06 | $37,299.80 |
| Interest @ 8.00% from 07/01/06-09/22/06 | $36,781.94 |
| MINIMUM DUE: | $316,817.36 |

Interest @ 8.00% after September 22, 2006 is $437.88 per day.

7.    I have computed the request for liquidated damages pursuant to the provisions set forth in

ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b) and Article X.I of the United Mine Workers of America

1974 Pension Plan which state as follows:

> Section 1451(b):  "In any action to compel an employer to pay
> withdrawal liability, any failure of the employer to make any
> withdrawal liability payment within the time prescribed shall be
> treated in the same manner as a delinquent contribution (within the
> meaning of Section 1145)."
>
> Section 1132(g)(2):  "In any action under this title by a fiduciary for
> or on behalf of a plan to enforce Section 1145 in which a judgment
> in favor of a plan is awarded, the court shall award the plan
>
>   (a) the unpaid contributions,
>   (b) interest on the unpaid contributions
>   (c) an amount equal to the greater of

3

> (i)   interest on the unpaid contributions or
> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or state law) of the amount determined by that court under subparagraph (a). ..."

Article X.I:

> (iii)  "If the Trustees file suit to collect the outstanding balance of withdrawal liability, plus accrued interest, and a judgment is entered by the courts in favor of the Trustees, the judgment entered shall provide for an additional amount equal to 20% of the outstanding amount of withdrawal liability as liquidated damages."

8.      To determine whether 29 U.S.C. § 1132(g)(2)(c)(i) or 29 U.S.C. § 1132(g)(2)(c)(ii) provides the proper liquidated damages to the United Mine Workers of America 1974 Pension Plan, I have computed liquidated damages in this case in the following manner:

(a)  Pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and as stated in Paragraph 6 of this affidavit, the interest on the unpaid contributions equals $316,817.36.

(b)  Pursuant to 29 U.S.C. § 1132(g)(2)(c)(ii) and Article X.I of the United Mine Workers of America 1974 Pension Plan, twenty percent (20%) of the unpaid contributions equals $399,890.64 [$1,999,453.22 (total withdrawal liability) X 20%].

Thus, pursuant to 29 U.S.C. § 1132(g)(2)(c), and based on the computations set forth above, liquidated damages in this case are $399,890.64.

9.      I have prepared the following summary showing the amounts due from the Defendants:

| | |
|---|---|
| Principal amount due from Paragraph 5 | $1,999,453.22 |
| Interest amount due from Paragraph 6 | $  316,817.36 |
| Liquidated damages due from Paragraph 7 | $  399,890.64 |
| **Total Amount Due** | **$2,725,161.22** |

I hereby certify under penalty of perjury that the foregoing is true and correct this _25_ day of

September, 2006 at Washington, D.C.

_____
DALE R. STOVER

197012305.doc

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>             Plaintiffs,<br><br>        v.<br><br>SANDERLING INCORPORATED f/k/a MON VIEW ACQUISITION CORPORATION and MINING AND TUNNELING EQUIPMENT & SERVICES, INC.<br><br>             Defendants. | Civil Action No. 1:06-CV-00740-JDB |

## AFFIDAVIT OF BARBARA E. LOCKLIN

I, Barbara E. Locklin, hereby certify under penalty of perjury as follows:

1.      I am counsel for Plaintiffs, Trustees of the United Mine Workers of America

("UMWA") Health and Retirement Funds ("Funds"), and am counsel of record for Plaintiffs,

UMWA 1974 Pension Plan in this action.

2.      I submit this Affidavit in support of Plaintiffs' Application for Default Judgment

which includes a request for attorneys' fees. Attorneys' fees are sought pursuant to the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and

1451(b), which provides as follows:

> Section 1451(b):  "In any action to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 1145)."
>
> Section 1132(g)(2):  "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145

| | in which a judgment in favor of a plan is awarded, the Court shall award the plan. . ." | |
| | "(D) reasonable attorney's fees and costs of the action, to be paid by the defendant. . ." | |

3.     A reasonable rate for staff attorneys experienced in ERISA litigation, such as myself, is at least $150.00 per hour.  I have spent more than three hours in pre-filing investigation, preparation of the complaint, and matters of effecting service and obtaining a default judgment, for total fees of $450.00.

4.     I believe that these fees for legal services rendered in connection with this case are fair and reasonable, based upon the facts set forth in the preceding paragraphs, and that Plaintiffs should have Judgment for that amount pursuant to 29 U.S.C. § 1132(g)(2)(D).

5.     Plaintiffs have incurred the following disbursements, cost and expenses in connection with this case, which costs have been paid by the Funds and for which the Funds should have judgment:

| | |
|---|---|
| Attorney fees | S   450.00 |
| Filing fee for Complaint | S   350.00 |
| Process Server | S   217.92 |
| (after certified mail was | |
|   returned undelivered) | S     11.24 |
| | |
| TOTAL FEES & EXPENSES: | S1,029.16 |

I declare under penalty of perjury that the foregoing is true and correct.

_B. E. Locklin_

BARBARA E. LOCKLIN
Assistant General Counsel
D. C. Bar No. 420503

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel

2

2121 K Street NW Suite 350
Washington, D.C. 20037
Telephone: (202) 521-2238

SUBSCRIBED AND SWORN TO

BEFORE ME THIS _10th_ DAY

OF OCTOBER, 2006

**Annette Hargis**
Notary Public, District of Columbia
My Commission Expires 10-14-2007

NOTARY PUBLIC

197012294.doc

3