UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SANDERLING INC. f/k/a MON VIEW ACQUISITION CORP., et al.,<br><br>Defendants. | Civil Action No. 06-740 (JDB)<br><br>FILED<br><br>NOV 0 8 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER AND DEFAULT JUDGMENT

Plaintiffs Michael H. Holland, Micheal W. Buckner, B.V. Hyler, and Steven F. Schaab bring this action against defendants Sanderling Incorporated ("Sanderling") and Mining and Tunneling Equipment & Services, Inc. ("MATES") pursuant to the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461. Plaintiffs are the trustees of the United Mine Workers of America 1974 Pension Plan ("1974 Plan"), a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37), 1301(a)(3). Plaintiffs allege that Sanderling and MATES were under common control with Mon View Mining Corporation ("Mon View") in March 2002 when Mon View undertook a complete withdrawal from the 1974 Plan. See 29 U.S.C. § 1301(b)(1) (defining common control); id. § 1383(a) (complete withdrawal). Plaintiffs seek judgment by default against defendants for withdrawal liability incurred by Mon View plus interest, liquidated damages, and attorney's fees and costs.

Plaintiffs unsuccessfully attempted service upon defendants via certified mail on April 24, 2006. Thereafter the complaint was served personally upon John W. Hatch, Chief Executive

Officer of both Sanderling and MATES, on May 9, 2006. See Fed. R. Civ. P. 4(h)(1) (providing for service upon corporate officer). Defendants have not answered or otherwise responded to the complaint. On September 15, 2006, pursuant to Fed. R. Civ. P. 55(a), the Clerk of the Court entered a default against defendants. Plaintiffs subsequently submitted the pending motion for default judgment on October 10, 2006.

The Court has reviewed the motion for default judgment and the accompanying exhibits, and has determined that default judgment in the amounts and nature sought is appropriate as set forth below. Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' motion for default judgment is **GRANTED**.

2. Judgment is entered in favor of plaintiffs and against defendants Sanderling and MATES in the amount of $2,737,332.86, itemized as follows:

(a) Withdrawal liability in the amount of $1,999,453.22, calculated pursuant to 29 U.S.C. § 1391(c)(3).

(b) Interest on the withdrawal liability amount set out in ¶ 2(a) above from November 26, 2003, through the date of judgment in the amount of $336,959.84. See 29 U.S.C. § 1451 (treating action based on withdrawal liability in same manner as delinquent-contribution action); id. §1132(g)(2)(B) (requiring interest award in delinquent-contribution actions); id. § 1399(c)(6) (setting interest rate for withdrawal-liability payments). This interest award consists of $316,817.36 in prejudgment interest from November 26, 2003, through September 22, 2006, and an additional $20,142.48 in prejudgment interest calculated at a rate of $437.88 per diem from September 23, 2006, through November 7, 2006.

  (c)  Liquidated damages in the amount of $399,890.64, calculated pursuant to 29 U.S.C. § 1132(g)(2)(C)(ii).

  (d)  Attorney's fees and costs in the amount of $1,029.16, as provided for by 29 U.S.C. §§ 1132(g)(2), 1451(b).

**SO ORDERED.**

                /s/ John D. Bates
                JOHN D. BATES
               United States District Judge

Dated:  November 7, 2006